UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-61944-WPD

RAW LIFE ORGANICS LLC, a Florida Limited Liability Company,
Plaintiff,

v.

SBL, LLC d/b/a GLOBAL CANNABINOIDS, a Nevada Limited Liability Company,
Defendant.

## DEFENDANT'S MOTION TO COMPEL ARBITRATION
## AND TO STAY PROCEEDINGS

Pursuant to Federal Arbitration Act, 9 U.S.C. § 4, Defendant SBL, LLC d/b/a Global Cannabinoids ("Global Cannabinoids") moves this Court to compel Plaintiff Raw Life Organics LLC ("Raw Life") to arbitrate its claims as required by the written agreement between the parties pursuant to which Raw Life has commenced this action and, in support, Global Cannabinoids states as follows:

### INTRODUCTION

As alleged by Raw Life, on or about September 19, 2019, Global Cannabinoids entered into a contract with Green Waves Global LLC ("Green Waves") for certain products to be manufactured by Global Cannabinoids for Green Waves, pursuant to terms set forth in the Purchase Order, Terms and Conditions, and Vendor Quality Guaranty and Exclusivity Agreement attached to the Complaint as Exhibit A (collectively, the "Agreement"). [ECF No. 1, ¶ 2; ECF No. 1-1 (Exhibit A); ECF No. 12]. Green Waves was subsequently "acquired by and absorbed into Raw Life" and, as such, Raw Life succeeded to Green Waves' interest under its Agreement with

Global Cannabinoids. [ECF No. 1, ¶17; at ECF No. 12, ¶ 21]. On or about September 24, 2020, Raw Life commenced the instant litigation against Global Cannabinoids for failure to perform under Agreement and alleged claims for breach of the implied duty of good faith and fair dealing, breach of contract, fraud in the inducement, and breach of fiduciary duty. [ECF No. 1]. Raw Life subsequently filed an Amended Complaint in which it added claims for rescission and declaratory judgment. [ECF No. 12].

As set forth in detail below, the Agreement between the parties contains a mandatory arbitration provision which provides that "[a]ny dispute arising under or relating to these Terms or your purchase of our products shall be settled exclusively and finally by binding arbitration." [ECF No. 1-1 (Exhibit A), at Terms and Conditions, ¶ 10; ECF No. 12-4 (Exhibit D), at ¶ 10]. Because the parties agreed to submit any disputes, including those at issue in this litigation, to binding arbitration, this Court should compel Raw Life to arbitrate its claims against Global Cannabinoids and stay this case pending arbitration.

## ARGUMENT

### I. Legal Standard

The Federal Arbitration Act ("FAA") provides for a "liberal federal policy favoring arbitration agreements." *Davis v. S. Energy Homes, Inc.*, 305 F.3d 1268, 1273 (11th Cir. 2002) (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). Indeed, the FAA provides:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, . . . shall be valid, irrevocable, and enforceable, save upon such

> grounds as exist at law or in equity for the revocation of any contract.

*Davis*, 305 F.3d at 1273 (*quoting* 9 U.S.C. § 2); *accord Volt Info. Scis., Inc. v. Bd of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 475 (1989) ("[Q]uestions of arbitrability in contracts subject to the FAA must be resolved with a healthy regard for the federal policy favoring arbitration.").

For this reason, if a contract contains an arbitration clause, a presumption of arbitrability arises. *See Granite Rock Co. v. Int'l Bhd. of Teamsters,* 561 U.S. 287 (2010). This presumption is only overcome if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* (citation omitted). "Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered[.]" *Cummings v. FedEx Ground Package Sys.*, 404 F.3d 1258, 1261 (10th Cir. 2005) (citation omitted). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

Where, as here, Raw Life has failed to arbitrate as required by the Agreement, Global Cannabinoids, as the aggrieved party, may move the Court to compel Raw Life to arbitrate. *See* 9 U.S.C. § 4. "[T]he party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement and the opposing party's failure, neglect, or refusal to arbitrate; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact[.]" *BOSCA, Inc. v. Bd. of Cnty. Comm'rs*, 853 F.3d

1165, 1177 (10th Cir. 2017); *Stanek Holdco, Inc. v. Water Res. Grp., Inc.*, Nos. 19-cv-3194-WJM-SKC, 19-cv-3360-WJM-SKC, 2020 U.S. Dist. LEXIS 147477 (D. Colo. Aug. 17, 2020).[1]

## II. Raw Life Should be Compelled to Arbitrate its Claims.

The strong federal policy favoring arbitration "requires a liberal reading of arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 n. 27 (1983). This means that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. "Unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute", then district courts must defer to arbitration. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583 (1960). "Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration." *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992).

"The existence of an agreement to arbitrate is simply a matter of contract between the parties." *Walker v. BuildDirect.com Techs., Inc*., 733 F.3d 1001, 1004 (10th Cir. 2013) (citations omitted). "Generally, courts should apply ordinary state-law principles that govern the formation of contracts to determine whether a party has agreed to arbitrate a dispute." *Id.* As here, each Quote and Sales Order that Global Cannabinoids issues to customers contains a statement that by purchasing products, the customer agrees to the terms and conditions with a hyperlink to such

---

[1] The Terms and Conditions also provide that "[a]ll matters arising out of or relating to these Terms are governed by and construed in accordance with the internal laws of the State of Colorado without giving effect to any choice or conflict of law provision or rule (whether of the State of Colorado or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than those of the State of Colorado." [ECF No. 1-1 (Exhibit A), at Terms and Conditions, ¶ 11(b); ECF No. 12-4 (Exhibit D) at ¶ 11(b)].

terms and conditions. The Agreement between Raw Life and Global Cannabinoids contains Terms and Conditions which include a mandatory arbitration provision which clearly and unequivocally apply to "dispute[s] arising under or relating to [the Agreement]", as here:

> **10. Arbitration**.
>
> (a) **Nature of the Dispute.** Any dispute arising under or relating to these Terms or your purchase of our products shall be settled exclusively and finally by binding arbitration. Either party may notify (an "**Arbitration Notice**") the other of its desire to submit the dispute to arbitration pursuant to this Section 10. It is specifically understood and agreed that any dispute may be submitted to arbitration irrespective of the magnitude thereof, the amount in controversy or whether such dispute would otherwise be considered justifiable or ripe for resolution by a court.
>
> (b) **Rules of Arbitration.** The arbitration shall be conducted in accordance with the Rules of JAG (the "**JAG Rules**"), except to the extent that the JAG Rules conflict with the provisions of this Section 10, in which event the provisions of this Section 10 shall control.
>
> (c) **Arbitration Procedure.** The arbitral tribunal shall consist of one arbitrator agreed upon by the parties to the dispute, or if the parties fail to agree on such arbitrator within 30 days after the date of the Arbitration Notice, then the arbitrator shall be appointed by the parties in accordance with the JAG Rules established for the appointment of a sole arbitrator.
>
> (d) **Location; Language.** The arbitration shall be conducted in English in Denver, Colorado, or such other place in the United States of America as mutually agreed by the parties to the arbitration proceeding.
>
> (e) **Binding Decision and Award.** Any decision or award of the arbitrator shall be final and binding upon the parties to the arbitration proceeding. The parties hereby waive to the extent permitted by law any rights to appeal or to review of such award by any court or tribunal. The parties agree that the arbitral award may be enforced against the parties to the arbitration proceeding or their assets wherever they may be found and that a judgment upon the arbitral award may be entered in any court having jurisdiction thereof.

> (f) **Attorneys' Fees.** The prevailing party in any arbitration pursuant to this Section 10 shall be entitled, in addition to such other relief as may be granted, to be reimbursed by the losing party for all costs and expenses incurred, including reasonable attorneys' fees and costs for services rendered to the prevailing party or parties.

*See* [ECF No. 1-1 (Exhibit A) at Terms and Conditions, ¶ 10; ECF No. 12-4 (Exhibit D), ¶ 10]. The initial "Purchase Order" or Quote, from Global Cannabinoids to Raw Life specifically stated not once, but twice "By making payment for your order, you acknowledge and agree to all of our terms and conditions" with a hyperlink to the Terms and Conditions which Raw Life then attached to its Complaint as Exhibit A. [ECF No. 1-1 (Exhibit A) at Quote; ECF No. 12-4 (Exhibit A)].

As here, provisions requiring arbitration of disputes "arising out of or relating to" the subject matter are deemed to be "broad" provisions and include any disputes which have "significant relations to the contract," regardless of whether founded in tort or contract. *Jackson v. Shakespeare Foundation, Inc.*, 108 So. 3d 587, 590-94 (Fla. 2013). The Terms and Conditions which comprise the Agreement here specifically provide that "[a]ny dispute arising under or relating to these Terms or your purchase of our products shall be settled exclusively and finally by binding arbitration." [ECF No. 1-1 (Exhibit A) at Terms and Conditions, ¶ 10(a); ECF No. 12-4 (Exhibit D), ¶ 10(a)]. This provision is necessarily broad as a matter of law and, as such, encompasses each claim for relief alleged in the Amended Complaint, all of which pertain to the Agreement between the parties and Raw Life's purchase of products from Global Cannabinoids.

On October 22, 2020, counsel for Global Cannabinoids conferred with counsel for Raw Life regarding Global Cannabinoids' intention to move to compel arbitration as required by the Agreement between the parties and as set forth in this Motion. That same day, Raw Life filed an Amended Complaint in an apparent attempt to avoid mandatory arbitration, specifically redefining

the Agreement between the parties to *exclude* the Terms and Conditions. *Compare,* ECF No. 1, ¶¶ 14, 30, 40 with ECF No. 12, ¶¶ 18, 35, 36, 43, 46, 54, 62; *accord MS v. E. N.M. Mental Retardation Servs., No. CIV 2:13-0628 RB/GBW,* 2016 U.S. Dist. LEXIS 192110 (D.N.M. Feb. 19, 2016) (Contradictory allegations in amended pleadings are indicative of bad faith.).

Raw Life cannot avoid the mandatory arbitration provision to which it agreed. First, Raw Life's claims against Global Cannabinoids are based on the Agreement which, in spite of its about-face in its Amended Complaint, Raw Life concedes includes the Terms and Conditions. Each of Raw Life's claims (in both Complaints filed) arises out of the Agreement between the parties, including the Terms and Conditions, and each specifically relates to its grievances related to its purchase of products from Global Cannabinoids. Pointedly, despite attempting to avoid the mandatory arbitration provision in the Terms and Conditions, Raw Life *directly quotes* the Terms and Conditions in support of its claims, claiming that Global Cannabinoids breached the Agreement by not timely delivering product based on the language in the Terms and Conditions which states that "[c]ustom orders that require unique formulations and manufacturing processes that include bottling and labeling could take six to eight weeks." [ECF No. 1-1 (Exhibit A) at Terms and Conditions, ¶ 2(a); ECF No. 12, ¶ 56; ECF 12-4 (Exhibit D), ¶ 2(a)]. As a matter of law, Raw Life cannot allege that Global Cannabinoids was bound by and breached the Agreement, including the Terms and Conditions, and simultaneously claim that it is not bound by the mandatory arbitration provision within that Agreement. Raw Life should be compelled to arbitrate each of its claims against Global Cannabinoids.

## CONCLUSION

For the foregoing reasons, Defendant SBL, LLC d/b/a Global Cannabinoids moves this Court to compel Plaintiff Raw Life Organics LLC to submit each of its claims to arbitration as mandated by the Agreement and to stay the current proceedings pending submission of such claims to binding arbitration, and for such other and further relief as this Court deems just.

DATED this 5th day of November, 2020.

                                KRINZMAN HUSS LUBETSKY
                                FELDMAN & HOTTE
                                Co-Counsel for Defendant
                                *SBL, LLC d/b/a GLOBAL CANNABINOIDS*
                                800 Brickell Avenue, Suite 1501
                                Miami, Florida 33131
                                Telephone: (305) 854-9700
                                Facsimile: (305) 854-0508
                                Primary email: rla@khllaw.com
                                Primary email: lg@khllaw.com
                                Primary email: mlopez@khllaw.com
                                Secondary email: eservicemia@khllaw.com

                                By:  */s/ Richard L. Allen*
                                       Richard L. Allen, Esq.
                                       Florida Bar No. 295485
and
FORTIS LAW PARTNERS LLC
Co-Counsel for Defendant

*s/ Cara Thornton*
Henry M. Baskerville, #49431
*Pro Hac Vice Admission Pending*
Cara Thornton, #34141
*Pro Hac Vice Admission Pending*
Fortis Law Partners LLC
1900 Wazee Street, Suite 300
Denver, Colorado 80202
Telephone: 303.565.8066
Facsimile: 303.295.9701
hbaskerville@fortislawpartners.com
cthornton@fortislawpartners.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of November, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a true and correct copy of the foregoing on all counsel or parties of record designated to receive service in CM/ECF.

             s/ Richard L. Allen_____
             RICHARD L. ALLEN

**SERVICE LIST**

Michael J. McMullen, Esq.
Bradford M. Cohen, Esq.
Cohen & McMullen, P.A.
1132 SE 3rd Avenue
Fort Lauderdale, FL 33316
Email: michael@floridajusticefirm.com
Secondary Email: service@floridajusticefirm.com
Counsel for Plaintiff